DRAKE, J.
Fin this action for liability and damages arising out of an automobile accident, the plaintiff appeals a judgment of the district court finding the defendants at fault and awarding general and special damages to the plaintiff. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY

Plaintiff/Appellant, Debra Mack, filed suit against Jerry Labouve, David Pitre,[1] and their insurer, Imperial Fire and Casualty Insurance Company, for injuries sustained in an accident on January 13, 2010. The petition alleged that Ms. Mack was a guest passenger in a taxicab driven by Mr. Labouve. As Mr. Labouve drove Ms. Mack home to her residence located on *694 Southdown Mandalay Road in Houma, Louisiana, an oncoming vehicle in the opposite lane approached the taxicab as it neared a right-hand curb. As the oncoming vehicle passed the taxicab, the side-view mirror on the passenger side of the taxicab struck a trash can that had been partially placed in the roadway. As a result of the impact with the trash can, the side-view mirror struck the front passenger window, causing the glass to break. A shard of glass from the window struck Ms. Mack in her eye as she was sitting in the rear of the cab on the driver’s side. Following impact with the trash can, Mr. La-bouve maintained control of his vehicle and did not swerve, brake, or leave his lane of travel.
Mr. Labouve continued driving a short distance on Southdown Mandalay Road and dropped Ms. Mack off at her residence. Not long after being dropped off, Ms. Mack contacted Mr. Labouve through the taxicab dispatch and requested that he transport her to Chabert Medical Center to receive medical attention for her eye. At Chabert, Ms. Mack was diagnosed with a corneal abrasion. Medical staff [ ¡¡provided Ms. Mack with prescription eye drops and released her. Two days following the accident, Ms. Mack followed up on her eye injury at Chabert.
Two months later, on March 15, 2010, Ms. Mack complained of neck, lower back, and head injuries to her treating physician, Dr. John D. Olson. Dr. Olson noted that Ms. Mack’s complaints were aggravations of pre-existing neck and back injuries. During his treatment of her, which began two months following the accident and continued for approximately two years, until February 2012, Dr. Olson treated Ms. Mack only with pain medication.
On January 14, 2011, Ms. Mack filed a petition for damages, claiming damages for loss of past, present, and future wages, past and future medical expenses, and past and future pain and suffering. A bench trial was held in this matter on November 7, 2013. Following trial, the district court rendered judgment on December 11, 2013, in favor of Ms. Mack and against the defendants. The district court held that Ms. Mack suffered a mild corneal abrasion, which was caused by the accident occurring on January 13, 2010. The district court awarded Ms. Mack general damages in the amount of $500.00, and special damages in the amount of $355.91. The plaintiff now appeals the quantum portion of the judgment dealing with the injuries to her eye, neck, back, and head.

LAW AND DISCUSSION

On appeal, Ms. Mack assigns three errors to the judgment of the district court. All three errors involve the calculation of the damages awarded and the credibility and weight given to the testimony of witnesses.

Assignment of Error 3

Ms. Mack contends that the district court committed error in failing to award her damages for her back and neck injuries. Two months following the accident, Ms. Mack began treatment for two years, until February 2012, for back, neck, and head injuries allegedly suffered as a result of this accident. Dr. Olson was the only 14expert who testified at trial regarding these injuries. The defendants offered no expert medical testimony to rebut Dr. Olson’s testimony and relied solely upon the testimony of the taxicab driver, Mr. La-bouve. Because the defendants presented no credible medical evidence, Ms. Mack argues that she should be entitled to damages for these injuries.
In order to reverse a factual determination by the trier of fact, the appellate court must apply a two-part test: (1) *695 the appellate court must find that a reasonable factual basis does not exist in the record for the finding; and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La.1993). Further, when factual findings are based upon determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the trier of fact’s findings. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Barnett v. Saizon, 2008-0336 (La.App. 1 Cir. 9/23/08), 994 So.2d 668, 672. Where two permissible views of the evidence exist, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 883.
At trial, Ms. Mack testified that the taxicab hit a mailbox. She stated that she was not wearing a seatbelt when the accident occurred. She alleged that the cab driver, Mr. Labouve, had turned around in his seat to talk to her when he hit the mailbox. She claims he slammed on his brakes, which caused her head and neck to move forward and hit the back of the driver’s seat. She testified that she twisted her back when she hit the seat, was jerked back, and also hit the back of her head on the window. She testified that the rear passenger window was shattered, and as a result, glass got into her eye.
The cab driver, Mr. Labouve, testified that Ms. Mack was seated behind him on the driver’s side of the vehicle. He stated that at no point did he turn around in |shis seat to talk' to Ms. Mack. Mr. Labouve testified that the side-view mirror on the passenger side of the vehicle made contact with a trash can that was partially in the roadway, not a mailbox. As a result, the side-view mirror folded in and shattered the front passenger window, not the rear passenger window. Mr. Labouve contends that he maintained speed and control of his vehicle and did not slam on his brakes or swerve in or out of his lane of travel at the moment of the accident.
The record indicates that in addition to the accident at issue in this case, Ms. Mack had several previous incidents, which caused and contributed to her numerous back and neck injuries, including cervical nerve root damage and lumbar disk and muscle damage. Dr. Olson was the only expert who testified at trial regarding these injuries. Years prior, Ms. Mack suffered a gunshot wound, which prevented Dr. Olson from performing an MRI to image the extent of her injuries. Additionally, Dr. Olson also treated her for injuries suffered in a motor vehicle accident in August 2006. With regards to her injuries suffered as a result of the accident at issue in this case, Dr. Olson testified how Ms. Mack’s back and neck issues were causally related to the accident:
I would say that what we’re dealing with is aggravation of the preexisting condition involving the neck and back. I personally think the lady’s got damaged disks. They may have been further damaged as a result of this accident, but there’s no way to adequately answer, and I don’t think that her neurological examination showed a C change from the previous accident, so I don’t think we’re dealing with a new disk, but I could be wrong. You don’t know because you really can’t image the [sic] ... to be able to tell what’s going on. [Emphasis added.]
Furthermore, Dr. Olson treated Ms. Mack’s neck and back injuries only with pain medication.
The trial court concluded that based on the history provided by the plaintiff, she failed to show that she sustained any injuries to her neck or back during the acci *696 dent that would have caused aggravation to her pre-existing cervical and lumbosa-cral spinal injuries. The district court stated that the history provided by |BMs. Mack was “questionable at best” and contrary to the testimony of the driver, Mr. Labouve. Therefore, the district court concluded that Dr. Olson’s treatment for Ms. Mack’s neck and back injuries were not caused by the January 13, 2010 accident.
When factual findings are based upon determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the trier of fact’s findings. Rosell, 549 So.2d at 844; Barnett, 994 So.2d at 672. Where two permissible views of the evidence exist, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 883. Based on our review of the record, we cannot say that the district court was manifestly erroneous in its conclusions. This assignment of error is without merit.

Assignments of Error 1 & 2

Ms. Mack argues that the district court failed to afford the proper weight to the testimony of her treating physician, Dr. Olson, regarding her eye injury. As a result, Ms. Mack contends that the general damages amount awarded by the district court for this injury is abusively low. She avers that testimony at trial, along with the medical evidence, demonstrates that the eye injury she suffered was severe in nature and continued for more than two months after the accident.
Damages are pecuniary compensation, recompense, or satisfaction for an injury sustained. The most common type of damages in the delictual context is compensatory damages, which encompasses special damages and general damages. Special damages are those that can be determined with relative certainty, such as a plaintiffs medical expenses. Wainwright v. Fontenot, 2000-0492 (La.10/17/00), 774 So.2d 70, 74. General damages are those which cannot be fixed with mathematical certainty; this includes mental or physical pain or suffering, inconvenience, loss of gratification or intellectual or physical enjoyment, or other | Josses of lifestyle that cannot be measured definitively in terms of money. The primary objective of general damages is to restore the party in as near a fashion as possible to the state he was in at the time immediately preceding injury. Harris v. Delta Development Partnership, 2007-2418 (La.App. 1 Cir. 8/21/08), 994 So.2d 69, 83-84. The assessment of “quantum,” or the appropriate amount of damages, by a trial judge or jury is a determination of fact, one entitled to great deference on review. The abuse of discretion standard of review applies when an appellate court examines a factfinder’s award of general damages. Wainwright, 774 So.2d at 74.
At trial, Ms. Mack testified that she experienced emotional distress as a result of the accident. She testified that her eye would periodically blur after the accident, which worried her. She also was afraid that the glass would cause permanent damage to her eye. Ms. Mack reported complaints regarding her eye injury for approximately nine months. She also reported that she experienced headaches.
The only evidence of Ms. Mack’s eye injury, aside from her testimony at trial, are the certified medical records of Cha-bert Medical Center. The records from Chabert show that Ms. Mack, more likely than not, suffered a corneal abrasion, which was resolved within two months of the accident. Ms. Mack did not offer testimony from any physician at Chabert Medical Center who treated her for her eye injury the night of and two days after the accident. Ms. Mack’s treatment for the *697 corneal abrasion consisted of the application of eye drops and did not require stitches or other surgical intervention.
Ms. Mack attempted to present Dr. Olson, a neurologist and her treating physician for her neck, back, and head injuries to testify regarding complaints she made nine months after the accident about the corneal abrasion. The district court did not accept Dr. Olson as an expert in optometry or ophthalmology, and as such, he was unable to discuss any side effect or residual damages Ms. Mack may have ^experienced as a result of the corneal abrasion. Furthermore, the plaintiff presented no expert testimony to prove that her blurred vision or headaches were related to the corneal abrasion. Thus, the district court concluded that Ms. Mack’s damages were limited to the corneal abrasion, which was resolved within two months of the accident. The court awarded Ms. Mack $500.00 in general damages for her pain and suffering, and $355.91 in special damages for her medical bills from Cha-bert Medical Center. Based on our review of the record, we find no error in the judgment of the district court. These assignments of error are without merit.

DECREE

Based on the foregoing, the December 11, 2013 judgment of the district court is hereby affirmed. All costs of this appeal are assessed to the plaintiff-appellant, Debra Mack.
AFFIRMED.

. David Pitre was the manager of Pitre’s Cab. The cab itself and company are owned by Angela Pitre. Jerry Labouve was an independent contractor who worked for Pitre’s Cab. Following the bench trial, the district court dismissed David Pitre, with prejudice.